263 F.3d 972 (9th Cir. 2001)
 JAMES C. SMITH; EFREN RIVERA; RICHARD A. BADER, PLAINTIFFS-COUNTER-DEFENDANTS-APPELLEES
v.
JEFFREY LENCHES; FRED ROSENZWEIG; ERIC SALTZMAN, DEFENDANTS-APPELLANTS,
ELECTRONICS FOR IMAGING, INC., A DELAWARE CORPORATION; DAN AVIDA, DEFENDANTS-COUNTER-CLAIMANTS-APPELLANTS
 No. 00-16582
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 11, 2001
Filed August 30, 2001
 
 William S. Dato (argued), and William S. Lerach, Milberg, Weiss, Bershad, Hynes & Lerach Llp, San Diego, California, for the plaintiffs-appellees.
 Boris Feldman (argued) and Douglas J. Clark, Wilson Sonsini Goodrich & Rosati, Palo Alto, California, for the defendants-appellants.
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge, Presiding D.C. No. CV-97-04739-CAL
 Before: William C. Canby, Jr., Michael Daly Hawkins, and Ronald M. Gould, Circuit Judges.
 
 RONALD M. GOULD, Circuit Judge
 
 1
 This is a rare case. In the district court, defendants gained a dismissal with prejudice of all claims against them, which were based on federal law. Yet they complain that they were entitled to more: the right to proceed with their counterclaim seeking a declaration that their alleged conduct did not violate state law -an issue that was pending in state court. The district court dismissed the counterclaim without prejudice. Concluding that the district court's dismissal of the counterclaim meant to convey no opinion on its merits, we decline the invitation to allow a party achieving a complete victory in federal court to seek even more.
 
 
 2
 In this securities class action under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934, Appellees denominated for purposes of this appeal by the name of the lead plaintiff ("Smith") filed a motion to dismiss voluntarily their federal claims under Federal Rule of Civil Procedure 41(a)(2). The district court granted the motion. Defendants -Appellants Lenches, Rosenzweig, Saltzman, Avida, and Electronics for Imagining (collectively "EFI") appeal contending that the district court abused its discretion by: (1) granting the dismissal under Rule 41(a)(2); (2) dismissing EFI's counterclaim; and (3) declining to award sanctions against Smith. We have jurisdiction pursuant to 28 U.S.C. §§ 1291. We reject EFI's contentions and affirm.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 3
 EFI markets and develops products and technologies that enable digital color printing over computer networks. EFI's stock price fell after the company warned on December 11, 1997, that its anticipated net revenue for the fourth quarter ending December 31, 1997, would not meet analysts' expectations.
 
 
 4
 Soon after this warning, on December 15, 1997, Smith filed an action in state court alleging that EFI had violated California Corporations Code Sections 25400 and 25500 by engaging in a scheme to manipulate the market price for EFI stock. The complaint alleges manipulation was accomplished by EFI disseminating false and misleading public statements about the company.[1]
 
 
 5
 On December 31, 1997, Smith filed this class action in federal court, alleging similar claims based on the same facts, but asserting these claims as violations of federal law under §§ 10(b) and §§ 20(a).
 
 
 6
 In January 1999, the California Supreme Court resolved an important pending issue regarding California securities law. The California Supreme Court held that the California statutory remedy for acts of market manipulation occurring in California was intended to benefit all victims of securities fraud regardless of where they purchased the affected securities. Diamond Multimedia Sys., Inc. v. Superior Court, 19 Cal. 4th 1036, 1064, cert. denied, 527 U.S. 1003 (1999). In May 1999, the California Supreme Court held that the corporate defendant was a person "selling or offering for sale " a security when it maintained and administered employee stock option and stock purchase plans during the class period. StorMedia Inc. v. Superior Court, 20 Cal. 4th 449, 462 (1999).
 
 
 7
 On July 2, 1999, in this action, EFI filed an amended answer and asserted a counterclaim, acknowledging the parallel action, the Steele case, in state court and seeking a declaration that "the facts as alleged in the complaint are not sufficient to plead violations of California Corporations Code Sections 25400 and 25500."
 
 
 8
 On July 20, 1999, Smith filed a notice of voluntary dismissal pursuant to Rule 41(a)(2).[2] Smith's motion to dismiss its federal securities law claims was granted, with prejudice.[3] At the same time, over EFI's objection, the court dismissed without prejudice EFI's counterclaim for declaratory relief on state law claims. After the order dismissing these claims, EFI also sought sanctions under 15 U.S.C. §§ 78u-4(c)(1); Federal Rule of Civil Procedure 11(b) ("Rule 11"); and Northern District of California Civil Local Rule 58-1 for "fees and costs for services performed solely as a result of the federal suit." The district court denied EFI's request for sanctions. EFI appeals the dismissal of claims and denial of sanctions.
 
 VOLUNTARY DISMISSAL
 
 9
 After determinations of California state law favorable to plaintiffs, Smith requested voluntary dismissal of the federal claims in this case, electing then to pursue the pending parallel state action. The alleged wrongs in the state case are the same as the alleged wrongs here, but the claims in the state case are based entirely on state law.
 
 
 10
 EFI argued to the district court that it would suffer legal prejudice because Smith brought this action under§§ 10(b) and §§ 20 which are subject to the federal Private Securities Litigation Reform Act ("PSLRA"), which affords defendants certain procedural protections. EFI argued that it would lose the protections of the PSLRA if the court granted Smith's motion. The district court rejected this argument and granted Smith's motion to dismiss under Rule 41(a)(2) because it determined that EFI would not suffer legal prejudice.
 
 
 11
 We review whether the district court abused its discretion by granting Smith's request for voluntary dismissal under Rule 41(a)(2). Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). A district court should grant a motion for voluntary dismissal under Rule 41(a)(2)[4] unless a defendant can show that it will suffer some plain legal prejudice as a result. Waller v. Fin. Corp. of Am. , 828 F.2d 579, 583 (9th Cir. 1987); see also Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).
 
 
 12
 The issue we consider is whether the district court abused its discretion in concluding that EFI suffered no"plain legal prejudice" from the dismissal.
 
 
 13
 We have previously held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." Westlands, 100 F.3d at 97. In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Id. at 96-97. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Hamilton, 679 F.2d at 145.
 
 
 14
 Here, the district court reasoned that while a change from federal to state court might create a tactical disadvantage to EFI, that was not legal prejudice. The district court noted that the prospect of litigating the first lawsuit in state court "does not amount to plain legal prejudice" and stressed that EFI could not argue high litigation costs because discovery had not begun, it had not commenced trial preparations, and no motions challenging the merits of this case had come before the court.
 
 
 15
 We find no fault with the district court's reasoning. While EFI will be obliged to defend the state court action, this does not add an extra burden to EFI because it was already engaged in defending the state court case. In any event, the need to defend against state law claims in state court is not "plain legal prejudice" arising from voluntary dismissal of the federal claims in the district court.
 
 
 16
 Smith was entitled to abandon the federal class action and federal claims after deciding that litigation on state law claims in state court was preferable for the interests of the class.[5] EFI's asserted loss of certain procedural protections under the PSLRA on federal claims that were dismissed with prejudice is not sufficient to constitute plain legal prejudice to EFI in defense of state law claims. The PSLRA affects the procedural aspects, but not the substantive elements of a securities fraud action. In re Silicon Graphics Inc., 183 F.3d 970, 977 (9th Cir. 1999). The dismissal of the federal claims meant Smith lost federal procedural protections relating to those claims. Because those claims were dismissed and are not continuing, the loss of procedural protections relating to them is not legal prejudice.
 
 
 17
 The district court did not abuse its discretion in dismissing Smith's federal law causes of action with prejudice on Smith's motion for voluntary dismissal under Rule 41(a)(2). A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule. That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice and was not an abuse of discretion.[6]
 
 DISMISSAL OF THE COUNTERCLAIM
 
 18
 EFI's counterclaim in this federal court action was one for declaratory relief on the state law claims. It sought a determination that EFI had no liability under state law. To support its position that the district court should not have dismissed the counterclaim, EFI makes several arguments. EFI asserts that for the federal court to determine whether EFI violated state security laws in ruling on the declaratory judgment counterclaims would not have involved a needless determination of state law. EFI also contends that Smith engaged in forum shopping. And EFI, while acknowledging that the federal court counterclaims would create some duplicative litigation, asserts that a "parallel litigation is a lesser evil" than precluding a federal review of federal issues relating to the PSLRA.
 
 
 19
 Our standard of review leads us to consider whether the district court abused its discretion by dismissing EFI's counterclaim. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).
 
 
 20
 While 28 U.S.C. §§ 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997). These rules make clear that the district court had discretion to decline to exercise jurisdiction on the state law claims.
 
 
 21
 In Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), the Supreme Court held expressly that a district court should consider several factors when determining whether to exercise jurisdiction over a declaratory relief claim regarding state law issues.
 
 
 22
 In Brillhart, an insurance company brought a declaratory judgment action in federal court to determine its rights under an insurance contract, when a pending suit in state court presented the same issue. Id. at 492-93. The district court dismissed the action, but the appellate court reversed. Id. at 49495. The Supreme Court remanded to the district court and outlined the specific factors for the district court to consider in exercising its discretion. Id. at 494-98.
 
 
 23
 We have previously described the Brillhart factors as: (1) whether a refusal to entertain the request for declaratory relief avoids needless decisions of state law by the federal court; (2) whether the action is a means of forum shopping; and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation. Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds, Gov't Employees, 133 F.3d at 1220.
 
 
 24
 Considering the first factor, EFI's counterclaim asked the district court to determine whether "the facts as alleged in the Complaint are . . . sufficient to plead violations of California Corporations Code §§§§ 25400 and 25500." The Steele action in state court presents precisely the same issues. Because California law governs, the determination whether California securities laws were violated will in the normal course of the state suit be decided by California state courts. For the federal court to retain jurisdiction to give declaratory judgment on the same claims would result in a needless determination of state law. The first factor weighs decidedly against EFI.
 
 
 25
 Considering the second factor, EFI filed its declaratory judgment counterclaim about state law after Smith filed the Steele complaint making state law claims in a state court. The federal court counterclaim in substance raises the same issues of state law as previously were presented in Steele. EFI's counterclaim is "reactive," was not the first filed and presents state law issues that only can be considered through an exercise of supplemental jurisdiction. Both sides to this hard fought and complex litigation are represented by excellent counsel who have skillfully and assiduously taken positions advantageous to their clients. Both sides had good reason to proceed as they chose to proceed. If there is any forum shopping to be considered here, it cannot be said that one side is at fault more than the other, for neither can be faulted for seeking to litigate issues in the forum of its choice. For purposes of analysis under Brillhart, the second factor appears neutral, and it therefore cannot be said to weigh in favor of EFI.
 
 
 26
 Considering the third factor, the issues EFI presents in its counterclaim are at issue in Steele. There is no reason to think that the state law case will not proceed. If the district court had retained supplemental jurisdiction over the state law counterclaim, the continuation of the federal case would result in duplicative litigation and a waste of judicial resources. The third factor weighs against EFI.
 
 
 27
 Finally, there is one additional consideration. In Brillhart, the Supreme Court said:
 
 
 28
 Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.
 
 
 29
 Brillhart, 316 U.S. at 495. We have interpreted that language to mean that if there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit be heard in a state court. Gov't Employees, 133 F.3d at 1225.
 
 
 30
 Taking into account the factors and guidance provided by Brillhart, we hold that the district court did not abuse its discretion in dismissing EFI's counterclaim.
 
 SANCTIONS
 
 31
 The final issue before us is whether the district court erred in declining to award sanctions for fees and costs relating to the federal suit claims that were voluntarily dismissed. We review this issue for abuse of discretion. Trulis v. Barton, 107 F.3d 685, 695 (9th Cir. 1997). It is difficult to make such a showing on appeal because our precedent makes clear that the district court has "broad fact-finding powers " to grant or decline sanctions and that its findings warrant"great deference." Primus Auto. Fin. Serv., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (internal quotations omitted).
 
 
 32
 EFI contends that Smith should have asserted all claims in one forum, and that plaintiffs could have invoked supplemental jurisdiction to adjudicate factually related state law claims in the federal case. However, it is clear that Smith was "free to refrain from doing so and leave the state law questions . . . to the state courts." Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970) (stating that the state and federal courts "had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts").
 
 
 33
 Our federal system permits dual-track litigation to be filed in state and federal courts. Any party that feels it is unduly burdened under such circumstances is free to ask one court or the other to stay proceedings while the other proceeds. Here, while the federal court case proceeded, the previously-filed state court case was stayed pending resolution of state law in other cases. That plaintiffs chose the state court forum in which to proceed after state law was clarified, and chose to abandon their federal claims, is not improper behavior under the circumstances of this case and does not support a sanction.
 
 
 34
 There was nothing wrong with plaintiffs' decision initially to pursue parallel actions in state and federal court. There was nothing wrong with defendants' decision to seek by counter-claim to resolve state law in federal court. There was nothing wrong with Smith's later decision to seek to dismiss the federal securities claims, and Smith's related motion to dismiss the EFI counterclaim on which the court had supplemental jurisdiction. There was nothing wrong with EFI objecting and seeking to maintain its state law declaratory relief claim in federal court. All parties' counsel in this case have taken actions that were appropriate in light of their responsibility zealously to represent their clients' interests. All of this conduct by all counsel involved to us shows good lawyering on both sides and not bad faith on either side.
 
 
 35
 We hold that the district court did not abuse its discretion by declining to impose sanctions against Smith.
 
 
 36
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 The state court case is Steele v. Electronics for Imaging, Inc., No. 403099 (San Mateo Sup. Ct. Dec. 15, 1997).
 
 
 [2]
 During this time, the state court judge certified a nationwide class in the state action.
 
 
 [3]
 The district court dismissed the federal claims with prejudice and also said the dismissal of the federal claims was without prejudice to any assertion of state law claims in state court. The Order on Motions, as pertinent to this issue, concludes: "Plaintiffs can not hereafter reassert these causes of action in federal court. Second, plaintiffs cannot assert these federal claims in their state court action; indeed, they are undoubtedly prohibited from doing so by 15 U.S.C. §§ 78aa. However, dismissal is without prejudice to plaintiffs' asserting their state law causes of action in the state court case, even though based upon the same conduct alleged in this federal action."
 
 
 [4]
 Federal Rule of Civil Procedure 41(a)(2) provides:
 Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
 
 
 [5]
 We do not consider and make no suggestion whether the state law claims have any validity; we merely comment that class representatives with advice of class counsel may normally make a decision on what claims to pursue.
 
 
 [6]
 EFI also argues that the district court erred in reciting in its order that the dismissal of the federal claims was "without prejudice to plaintiffs' asserting their state law causes of action in the state court case, even though based upon the same conduct alleged in this federal action." On the basis of this language, EFI argues that this was error because the district court had no jurisdiction to rule on Smith's state law causes of action. However, we do not read the district court's order as making any decision of state law. The district court's order simply dismissed these claims without prejudice to show that the federal district court was not adjudicating anything regarding the state claims. Whether or not the dismissal of the federal claims here has any implications for assertion of state law claims pending in state court is a question to be decided by the state court.