Daniel CAPON, Plaintiff–Appellee,

v.

LADENBURG, THALMAN CO. INC., a Delaware corporation; Allied Securities, Inc., a New York corporation; Michael C. Munck, an individual, Defendants,

and

Christopher R. Greenwell, an individual, Defendant—Appellant.

No. 02–16735.

D.C. No. CV–01–04186–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Jan. 7, 2004.

Stanley Young, Michael M. Markman, Heller Erhman White & McAuliffe, Menlo Park, CA, Daniel Capon, pro se, Hillsborough, CA, for Plaintiff-Appellee.

James A. Hennefer, Esq., San Francisco, CA, for Defendant–Appellant.

Before LEAVY, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Christopher R. Greenwell ("Greenwell") appeals the district court's order granting the request of Daniel Capon ("Capon") to voluntarily dismiss his complaint without prejudice and denying as moot the defen-

* This disposition is not appropriate for publica-     tion and may not be cited to or by the courts

dants' motion to compel arbitration. Greenwell argues that the district court was not free to dismiss the complaint without prejudice because a motion to compel had already been filed. We disagree and affirm the district court's order. Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

Rule 41(a)(2) gives broad discretion to the district court to determine the appropriate terms and conditions for dismissal:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by the defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2).

In making its decision, the district court must consider whether the defendant will suffer legal prejudice as a result of the dismissal. *See Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir.2001). This court reviews for abuse of discretion the district court's decision to grant voluntary dismissal. *Id.*

■ Greenwell's assertions of legal prejudice lack merit. *See id.* at 976 ("plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain tactical advantage by that dismissal"). If Greenwell has claims against Capon, he is free to bring them to arbitration. And, should Capon file for arbitration, Greenwell will not be required to arbitrate the issue of arbitra-

bility, unless he has agreed to do so. *See First Options of Chicago v. Kaplan,* 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

■ Greenwell also fails in his argument that the motion to compel arbitration is a counterclaim for specific performance, prohibiting the court from dismissing the complaint without prejudice under Rule 41(a)(2). Greenwell offers no authority for that proposition, and we have found none.

In this case, neither Greenwell nor any other defendant filed counterclaims against Capon. The only substantive claims for relief at issue in this case were Capon's; neither Greenwell nor any other defendant asserted independent claims for relief. Instead, the motion to compel arbitration merely insisted that Capon's claims, if any, be referred to arbitration. Once Capon withdrew his suit, there was nothing to refer to arbitration in lieu of litigation. A motion of this kind, which seeks to determine the forum for resolution of an opponent's claim for relief, is no more a counterclaim than is a motion to change venue on forum non conveniens grounds, or a motion to transfer under 28 U.S.C. § 1631. Thus, the district court properly exercised its discretion and granted voluntary dismissal without prejudice.

■ Greenwell and Capon unnecessarily complicate this review by focusing on the FAA and the issues of (1) Capon's "willingness" to arbitrate and (2) whether Greenwell is "aggrieved." However, after allowing Capon to voluntarily dismiss the complaint, there is nothing left in this case to arbitrate.

As the district court said:

> [W]hether or not plaintiff is diligently pursuing his claims through arbitration is irrelevant to any issue before the Court. Since this action has been dis-

of this circuit except as provided by Ninth     Circuit Rule 36–3.

missed, plaintiff may not pursue his claims in this forum. Should plaintiff choose to abandon his claims by failing to pursue arbitration, that is his prerogative.

*Capon v. Ladenburg, Thalman Co.,* No. 01–4186 (N.D.Cal. Aug. 6, 2002) (order granting voluntary dismissal and denying motion to compel arbitration). While it is true that the FAA compels arbitration of claims against an unwilling defendant or requires that a plaintiff pursue claims through arbitration rather than litigation in court, the FAA does not compel a plaintiff to pursue arbitration rather than not pursuing the claims at all. *See* 9 U.S.C. §§ 3 & 4.

AFFIRMED.