Jerry A. HEPP; Donna M. Hepp,
Plaintiffs—Appellees,

v.

CONOCO, INC.; Continental Oil Company; Conoco Pipeline Company,
Defendants—Appellants.

No. 02–36097.
D.C. No. CV–01–00086–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 2004.*

Decided May 3, 2004.

Alexander Blewett, III, Hoyt & Blewett, Great Falls, MT, for Plaintiffs-Appellees.

John P. Davis, Patrick M. Sullivan, Poore, Roth & Robinson, Butte, MT, for Defendants–Appellants.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM**

Appellants Conoco, Inc. et al. (collectively, "Conoco") appeal the district court's

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

grant of plaintiffs Jerry and Donna Hepp's motion for voluntary dismissal. In the alternative, Conoco challenges the district court's failure to condition the voluntary dismissal on the Hepps' payment of Conoco's costs and fees. We review for abuse of discretion both the district court's grant of voluntary dismissal, *see Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir.1996); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir.1989), and its decision not to award fees and costs to Conoco, *see Stevedoring Servs.*, 889 F.2d at 921. The district court abuses its discretion when it bases its decision on "an erroneous view of the law or a clearly erroneous assessment of the facts." *Westlands*, 100 F.3d at 96 (internal quotation omitted). We conclude that there has been no abuse of discretion.

■ A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001); *see also Stevedoring*, 889 F.2d at 921 (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal."). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. Therefore, Conoco's assertion that it will be prejudiced by the refiling of the Hepps' action in Montana state court does not amount to plain legal prejudice.

■ Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *See Smith*, 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 97).

Conoco's assertion that it lost its ability to have the opinions of the Hepps' experts excluded by a motion *in limine*, and thus lost the ability to have summary judgment granted in its favor, is based on the loss of an opportunity to raise a legal argument, not an injury to an actual legal right. Because there is nothing in the record establishing that Conoco was entitled to have either motion granted in its favor, the district court did not abuse its discretion in granting the Hepps' motion for voluntary dismissal.

■ Nor did the district court abuse its discretion in declining to condition the voluntary dismissal on the Hepps' payment of Conoco's costs and fees. A defendant may be awarded fees and costs only for work performed prior to a plaintiff's motion for voluntary dismissal, and then only for work that cannot be used in any future litigation of the same or similar matters. *See Westlands*, 100 F.3d at 97–98. The Hepps stipulated that they would use all the depositions taken in this federal action in their Montana state action and Conoco failed to demonstrate that any particular portion of its work or expenditures in the federal action will not be useful in the state litigation. There was therefore no abuse of discretion.

**AFFIRMED.**