Dominic LOWERY, an individual, Plaintiff—Appellant,

v.

BLUE STEEL RELEASING, INC., a Nevada corporation; Joseph Isaac, an individual; Eric Klein, an individual; Gigi Klindienst, an individual a/k/a Gigi Klein; James M. Schmidt, an individual; Charter American Holdings, Inc., a Nevada corporation; Personal & Business Solutions, Inc., a Nevada corporation; Thunderstruck Media, Inc., a Nevada corporation; Upper House Enterprises, Inc., a Nevada corporation; Southwest Capital Holdings, Inc., a Nevada corporation; Strategic Defense, Inc., a California corporation; The Elderberry, LLC, a Nevada limited liability corporation; Eric Parkinson, an individual; Andy Gruenberg, an individual; Eric Klein, Defendants,

---

and

Adonis Hampton, an individual; Alfred Dovbish, an individual, Defendants—Appellees.

Dominic Lowery, an individual, Plaintiff—Appellee,

v.

Blue Steel Releasing, Inc., a Nevada corporation; Joseph Isaac, an individual; Eric Klein, an individual; Gigi Klindienst, an individual a/k/a Gigi Klein; James M. Schmidt, an individual; Charter American Holdings, Inc., a Nevada corporation; Personal & Business Solutions, Inc., a Nevada corporation; Thunderstruck Media, Inc., a Nevada corporation; Upper House Enterprises, Inc., a Nevada corporation; Southwest Capital Holdings, Inc., a Nevada corporation; Strategic Defense, Inc., a California corporation; The Elderberry, LLC, a Nevada limited liability corporation; Eric Parkinson, an individual; Andy Gruenberg, an individual; Eric Klein; Adonis Hampton, an individual, Defendants,

and

Alfred Dovbish, an individual, Defendant—Appellant.

Nos. 06–55294, 06–55330.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2007 *.

Filed Dec. 20, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Robert A. Olson, Esq., Don A. Hernandez, Esq., The Hernandez Law Group, Pasadena, CA, for Plaintiff–Appellant.

Kenneth P. White, Esq., Brown & White, LLP, Los Angeles, CA, for Defendants.

Before: BOWMAN,[**] BRUNETTI, and BYBEE, Circuit Judges.

### MEMORANDUM [***]

Dominic Lowery appeals from the district court's orders granting summary judgment to Adonis Hampton and Alfred Dovbish on Lowery's state-law claims for fraud and conversion, his claim for civil remedies under the Racketeer Influenced and Corrupt Organizations Act (RICO), and his federal claim for securities fraud against Hampton. The claims arose from Lowery's wire transfer of $75,000 to purchase shares of stock in Blue Steel Releasing, Inc. Lowery claimed that Hampton, a telephone solicitor for Blue Steel, made fraudulent representations in order to induce Lowery to invest in Blue Steel and that Dovbish, acting as attorney for Blue Steel, made misrepresentations to Lowery's attorney in order to delay settlement of Lowery's claim for the return of his $75,000.

■ For his first issue on appeal, Lowery contends that the district court erred in granting summary judgment to Hampton on his claims for common-law fraud and securities fraud. Upon de novo review, *see Soldano v. United States,* 453 F.3d 1140, 1143 (9th Cir.2006) (standard of review), we conclude that Lowery did not come forward with evidence to show there

remained a genuine issue as to the falsity of Hampton's statements when made or Hampton's knowledge of their falsity when made, *see Fanucchi & Limi Farms v. United Agri Prods.,* 414 F.3d 1075, 1088 (9th Cir.2005) (elements of state-law fraud claim). Likewise, Lowery cannot show a triable issue on the base-line requirements of his claim for securities fraud—that Hampton "knowingly [made] a false statement." *Foster v. Wilson,* 504 F.3d 1046, 1050 (9th Cir.2007). Some of Hampton's representations indeed turned out to be false, but there is no record evidence that Hampton—who is not alleged to be a Blue Steel insider but merely a telephone solicitor—knew they were false when made. The judgment is affirmed.

■ For his next issue on appeal, Lowery argues that the district court erred in granting summary judgment to Dovbish on Lowery's claim for common-law fraud. Lowery alleges that Dovbish held himself out to Scott Meza, Lowery's attorney, as the attorney for Blue Steel when he was not. According to Lowery, Dovbish then delayed negotiations regarding the return of Lowery's funds in order to forestall a lawsuit by Lowery until Blue Steel's officers dissipated the company's assets. Specifically, Lowery contends that Dovbish told Meza in a telephone conversation that he represented Blue Steel and had authority to negotiate for Blue Steel. But a claim of fraud based on this allegation does not appear in Lowery's complaint. *See* Fed.R.Civ.P. 9(b) ("In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity."). In fact, in response to Lowery's own requests for admissions, Dovbish agreed that he never told anyone that he repre-

---

[**] The Honorable Pasco M. Bowman, Senior *Circuit Judge, United States Court of Appeals* for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

sented Blue Steel as the company's counsel. The alleged misrepresentation by Dovbish to Meza has been waived as a basis for Lowery's fraud claim against Dovbish. And although Lowery suggests he should have been given leave to amend his complaint, he did not seek to amend and the district court did not abuse its discretion by failing to grant leave *sua sponte* to amend. *See Geweke Ford v. St. Joseph's Omni Preferred Care Inc.,* 130 F.3d 1355, 1361 (9th Cir.1997). We affirm the district court's decision granting summary judgment to Dovbish on this claim.

Lowery next contends that the district court erred in granting summary judgment to Hampton and Dovbish on his claim for civil RICO violations. But "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of" RICO. 18 U.S.C. § 1964(c). Lowery's RICO claims are based on conduct that was alleged to have occurred "in connection with the purchase or sale of any security," that is, securities fraud. 15 U.S.C. § 78j(b). Indeed, the conduct upon which Lowery relies for his RICO claim is the same conduct upon which he based his claims for securities fraud. The sale of Blue Steel stock was not "incidental" to the alleged RICO violation but was the "lynchpin" of the underlying scheme. *Swartz v. KPMG LLP,* 476 F.3d 756, 761 (9th Cir.2007) (per curiam). Upon de novo review, we affirm the district court's order granting summary judgment to Hampton and Dovbish on Lowery's RICO claim.

Finally, Lowery contends that the district court erred in granting summary judgment to Hampton and Dovbish on his state-law claims for conversion. Lowery argues that the district court erred by effectively requiring that Lowery "earmark" his $75,000 specifically into the hands of Hampton and Dovbish. We dis-

agree. It is undisputed that someone wrongfully exercised dominion over Lowery's $75,000 investment in Blue Steel, that is, converted his funds. Lowery has identified no genuine dispute, however, as to whether his money was used to pay the checks at issue: a commission check to Hampton and a retainer check to Dovbish. The bank documents in the summary judgment record show that the checks written to Hampton and Dovbish were drawn on Blue Steel accounts whose funds were not commingled with Lowery's $75,000 at the time the checks were written. Because Lowery has shown no genuine issue of material fact on his claims for conversion, the judgment of the district court is affirmed.

After the district court granted summary judgment for Dovbish, he moved the court for an award of sanctions against Lowery and Lowery's counsel under Rule 11 of the Federal Rules of Civil Procedure. The court denied the motion because Dovbish had not complied with the safe-harbor provision of the Rule (twenty-one days to allow party opponent to correct or withdraw the challenged pleadings before filing motion for sanctions), and Dovbish does not challenge this conclusion on appeal. The court also considered its mandatory obligation under the Private Securities Litigation Reform Act of 1995 (PSLRA) to make "specific findings regarding compliance" with Rule 11(b) "as to any complaint, responsive pleading, or dispositive motion" after final adjudication of Lowery's action. 15 U.S.C. § 78u–4(c)(1). The district court found that Lowery did not pursue his securities fraud claim against Dovbish in that court. In fact, Lowery asked the court to dismiss the claim, and the court obliged. Dovbish contends, however, that the court should have awarded sanctions under the PSLRA even though Lowery voluntarily dismissed the claim for securities fraud against Dovbish because there would have

been no litigation at all but for the securities fraud Lowery originally alleged. Dovbish is correct that the underlying transaction for all of Lowery's claims (as noted above regarding his RICO claim) was Blue Steel's taking of his $75,000 in exchange for stock, not issuing the stock, and not returning his money. But Lowery raised numerous causes of action in addition to securities fraud that, while based on the same transaction, were distinct from the cause of action for securities fraud against Dovbish that he declined to pursue. Dovbish fails to distinguish the *cause of action* from the *transaction* that gave rise to the cause of action. We conclude that PSLRA sanctions are not available to Dovbish on this record, and the district court did not abuse its discretion in so holding. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (Rule 11 standard of review); *Smith v. Lenches,* 263 F.3d 972, 978 (9th Cir. 2001) (reviewing for abuse of discretion district court's decision to deny sanctions under 15 U.S.C. § 78u–4(c), among other provisions).

Acting pro se, Hampton filed with this Court a document captioned "Appellee Hampton's Response to Appellant's Opening Brief; Declaration of Adonis Hampton." In this filing, he asks us to affirm the district court's order granting his motion for summary judgment and to award monetary sanctions against Lowery and Lowery's counsel for filing a frivolous appeal. Although Hampton cites state law in support of his claim, he likely is seeking sanctions under Rule 38 of the Federal Rules of Appellate Procedure. That Rule allows us to "award just damages and single or double costs to the appellee" for a "frivolous" appeal. Fed. R.App. P. 38.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The Rule requires, however, "a separately filed motion or notice from the court and reasonable opportunity to respond." *Id.* We have held that "a request for sanctions in a party's appellate brief does not provide sufficient notice to the opposing party." *Gabor v. Frazer,* 78 F.3d 459, 459 (9th Cir.1996) (citing advisory committee notes). Even if we were to give Hampton the benefit of the doubt because he is acting pro se, and read his "Response" as the necessary motion, the request must be denied. Although the issues Lowery raises on appeal are without merit, we cannot say they are frivolous.

AFFIRMED.