**ADVANCE CAPITAL, INC., Plaintiff,**

v.

**M/V ANGIE, OFFICIAL NO. 249544, her gear, furniture, equipment, etc., in rem, and Black Mountain Fisheries, LLC, in personam, Defendants,**

**and**

**Columbia State Bank, a Washington state chartered bank, Intervening Plaintiff.**

**No. C09–1623.**

United States District Court, W.D. Washington, at Seattle.

May 5, 2011.

Shane C. Carew, Carew Law Office, Seattle, WA, for Plaintiff.

Robert Shawn Griggs, Holmes Weddle & Barcott, Seattle, WA, for Defendants.

## ORDER

JOHN C. COUGHENOUR, District Judge.

This matter comes before the Court on Defendant Black Mountain Fisheries' motion for attorney's fees (Dkt. No. 65), Plaintiff's response (Dkt. No. 67), and Defendant's reply. (Dkt. No. 69.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND AND DISCUSSION

On December 13, 2010, the Court granted Plaintiff's motion to dismiss under FRCP 41(a)(2). (Dkt. No. 61.) In that order, the Court found that Defendant would suffer no prejudice to its legal interests, legal claims, or legal arguments from the dismissal. *See Smith v. Lenches,* 263 F.3d 972, 976 (9th Cir.2001). Defendant argued that it would be prejudiced by the duplicative costs of litigating the same action in state court, and the Court agreed to protect Defendant by conditioning the dismissal upon the payment of appropriate costs and fees for work that could not be used in any future litigation. *See Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996).

The Court's order that fees would be awarded notwithstanding, "a claim for attorney's fees ... must be made by motion...." FRCP 54(d)(2)(A). Such a motion must be filed no later than 14 days after the entry of judgment. FRCP 54(d)(2)(B). The purpose of the Court's order was to elicit such a motion and to signal that it would be treated favorably. But Defendant did not file a motion for fees until more than three months after the Court's order, and 2 months after an appeal of the Court's order. Plaintiff now opposes the motion for fees on the grounds that the motion is untimely.

Defendant's position is that the appropriate deadline for filing a motion for attorney's fees is 150 days and that because the motion is within this deadline, it is timely. Defendant argues that pursuant to FRCP 58(c), a party has 150 days to file post judgment motions if a separate document of judgment is required but not entered. Defendant is mistaken.

When a court grants an FRCP 41 motion to dismiss, FRCP 58(a) requires no separate judgment. The Court is not *adjudging* any matter in favor of any party. Therefore, the time limit for motions for attorney's fees began to run when the Court dismissed the case, and the deadline for such motions was long passed when Defendant filed the instant motion.[1]

## II. CONCLUSION

Defendant's motion is DENIED. (Dkt. No. 65.)

---

1. Further, Defendant's filing of an appeal belies its arguments, as Defendant clearly believed that the Court's order constituted a judgment within the meaning of FRCP 54(a). The Court will not permit Defendant to argue that the Court's December 13 order was a judgment for the purposes of filing an appeal, but was not a judgment for the purposes of filing a motion for attorney's fees.