**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DAVIS BENNETT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JASPAL DHALIWAL, et al., <br><br> Defendants-Appellees. | No. 15-56448 <br><br> D.C. No. <br> 2:14-CV-04697-RGK-E <br><br> MEMORANDUM* |
| JAMES DAVIS BENNETT and PAMELA BENNETT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 16-55694 <br><br> D.C. No. <br> 2:15-CV-01923-RGK-E |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

---

* These two cases were consolidated for oral argument and are now consolidated for decision. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Argued and Submitted November 16, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,[**] District Judge.

While incarcerated at federal correctional facilities, James Davis Bennett contracted tuberculosis and Pott's disease.  He brought a *Bivens* suit against five medical professionals at the Lompoc, California federal correctional institution.  After exhausting administrative remedies, Bennett and his wife later filed a Federal Tort Claims Act ("FTCA") suit against the United States.

In these appeals, the Bennetts challenge the district court's denial of their motion for voluntary dismissal of the FTCA action and its subsequent dismissal of that action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Bennett also appeals the district court's summary judgment against him in the *Bivens* action.  In the FTCA action, we vacate and remand with instructions to dismiss the action without prejudice, but we affirm the summary judgment in the *Bivens* action.

1.  The district court abused its discretion in rejecting the Bennetts' voluntary motion to dismiss the FTCA action without prejudice and in

---

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

subsequently dismissing the action for failure to prosecute. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). The Bennetts repeatedly notified both the district court and the United States before trial of their intention not to proceed with the FTCA action, eventually seeking to dismiss that suit without prejudice pursuant to Rule 41(a)(2). "A district court should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (finding abuse of discretion in failure to grant Rule 41(a)(2) motion). The United States would not have suffered any legal prejudice from a voluntary dismissal. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). Any loss of the FTCA's judgment bar defense does not constitute legal prejudice, as it represented only the loss of a mere potential defense that had not yet accrued to the United States.

2. We review the district court's grant of summary judgment against Bennett in his Eighth Amendment *Bivens* action de novo. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). In order to bring a successful Eighth Amendment deliberate indifference claim, "mere malpractice, or even gross negligence, does not suffice." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

3

Cir. 1990). We conclude that no genuine issue of material fact exists as to whether the medical professionals acted with deliberate indifference to Bennett's serious medical needs.

a. With respect to Dr. Richard Gross, midlevel practitioner Annabel Rivera, and Nurse Marsha Pinnell, the record presents no issue of material fact as to their knowledge of Bennett's serious medical need, let alone deliberate indifference. Gross never personally interacted with Bennett, but instead only supervised his treatment by co-signing the medical notes made by the other medical professionals and approving their recommended treatment, including pain medication, an MRI, and a consultation with an outside orthopedist. No evidence in the record suggests that Rivera had actual knowledge of Bennett's serious medical need, nor that she was deliberately indifferent to any such need, as she prescribed him the medications that he requested. Nor is there any evidence that Pinnell knew of Bennett's serious medical need.

b. Vincente Tejada had perhaps the most contact with Bennett during the period in question. Nonetheless, no evidence in the record supports that he had actual knowledge of Bennett's serious medical need. Nor was Tejada deliberately indifferent to Bennett's needs, as he prescribed various pain medications and anti-inflammatory injections, ordered several lab tests and x-rays, ordered the first and

4

emergency MRI, and placed Bennett on convalescent leave over the course of his treatment. The record reflects that Tejada attempted to diagnose the source of Bennett's pain through various tests, and was responsive to Bennett's requests for medications and injections to relieve his pain in the meantime.

c. Although Dr. Jaspal Dhaliwal's deposition suggests that he may have known Bennett had a serious medical need, the record is nonetheless clear that he did not act with deliberate indifference to that need. Over the course of Bennett's visits, Dhaliwal evaluated his symptoms and responded with an attendant course of treatment. Dhaliwal adjusted his treatment according to Bennett's feedback, prescribing him new medications for pain, constipation, and hypothyroidism, or modifying the dosages on those medications. Dhaliwal ordered several x-ray and lab tests in an effort properly to diagnose the source of Bennett's pain. Dhaliwal's failure to order a more timely MRI may arguably constitute negligence, but given the amount of medical care he provided to Bennett, as well as his responsiveness to his pain, no reasonable jury could conclude that he was deliberately indifferent to Bennett's needs.

3. We therefore **VACATE** the district court's order granting dismissal with prejudice in the FTCA action for failure to prosecute and **REMAND** with

5

instructions to dismiss without prejudice.  We **AFFIRM** the district court's order

entering summary judgment against Bennett in his *Bivens* action.