**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, _____ <br><br> INDIRECT PURCHASER PLAINTIFFS, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TOSHIBA CORPORATION; et al., <br><br> Defendants-Appellees, <br><br> v. <br><br> TYLER AYRES; et al., <br><br> Movants-Appellants. | No.    20-15697 <br><br> D.C. No. 4:07-cv-05944-JST <br><br> MEMORANDUM[*] |
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, _____ <br><br> INDIRECT PURCHASER PLAINTIFFS, <br><br> Plaintiff-Appellee, | No.    20-15704 <br><br> D.C. No. 4:07-cv-05944-JST |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

TOSHIBA CORPORATION; et al.,

Defendants-Appellees,

v.

ELEANOR LEWIS, Proposed Intervenor,

Movant-Appellant.

---

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

_____

INDIRECT PURCHASER PLAINTIFFS,

Plaintiff-Appellee,

v.

TOSHIBA CORPORATION; et al.,

Defendants-Appellees,

v.

ANTHONY GIANASCA; et al.,

Movants-Appellants.

No.     20-16081

D.C. No. 4:07-cv-05944-JST

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, _____ INDIRECT PURCHASER PLAINTIFFS, Plaintiff-Appellee, v. TOSHIBA CORPORATION; et al., Defendants-Appellees, v. ELEANOR LEWIS, Proposed Intervenor, Movant-Appellant. | No. 20-16685 D.C. No. 4:07-cv-05944-JST |

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, ------------------------------ INDIRECT PURCHASER PLAINTIFFS, Plaintiff-Appellee, v. JEFF SPEAECT; et al., Objectors-Appellants, | No. 20-16686 D.C. No. 4:07-cv-05944-JST |

3

v.

TOSHIBA CORPORATION; et al.,

Defendants-Appellees.

---

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

_____

INDIRECT PURCHASER PLAINTIFFS,

Plaintiff-Appellee,

v.

TOSHIBA CORPORATION; et al.,

Defendants-Appellees,

v.

SCOTT A. CALDWELL, as administrator of the Estate of Barbara Caldwell; et al.,

Movants-Appellants.

No.    20-16691

D.C. No. 4:07-cv-05944-JST

---

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,

_____

INDIRECT PURCHASER PLAINTIFFS,

Plaintiff-Appellee,

No.    20-16699

D.C. No. 4:07-cv-05944-JST

4

v.

TOSHIBA CORPORATION; et al.,

                Defendants-Appellees,

v.

TYLER AYRES; et al.,

                Movants-Appellants.

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted July 28, 2021
San Francisco, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Two sets of appeals have been presented to us. In one set, parties identified as the Other Repealer States (ORS) and the Non-Repealer States (NRS) appellants and purported settlement class member objectors appealed the district court's approval of amended settlements between the amended settlement class and

---

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Defendants.[1] In the other set, the ORS and NRS appellants appealed the district court's earlier denial of their motions to intervene. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's approval of the amended settlement agreements, and we dismiss the NRS and ORS appeals of the denial of their motions to intervene.

**1. Appeal Nos. 20-16685, 20-16686, 20-16691, and 20-16699**

To appeal a class settlement, appellants must demonstrate Article III standing. *Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 923 (9th Cir. 2007). Separately and in addition, appellants must establish "standing to appeal" including elements distinct from the requirements of constitutional standing. *See United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020). Under the standing to appeal doctrine as it has developed regarding settlement approval, only parties to the settlement may appeal a dismissal by the court of claims against settling defendants pursuant to the terms of the settlement agreement. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *see also United States v. Kovall*, 857 F.3d 1060, 1068 (9th Cir. 2017) (articulating the

---

[1] Defendants are a group of corporations that manufactured cathode ray tubes (CRT). They include Phillips, Panasonic, Hitachi, Toshiba, Samsung, and Thomson/TDA as well as their subsidiaries.

general rule that only parties to a judgment may appeal it). The settlement agreements at issue in this case provide for such a dismissal of the settling defendants by the settlement class members, but they do not release claims by the ORS or NRS appellants, so those appellants generally lack standing to object to the settlement agreements and the dismissal of the claims against Defendants.

There is a narrow "exception to the general principle barring objections by non-settling [individuals] to permit a non-settling [individual] to object where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement." *Waller*, 828 F.2d at 583; *see also Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005). "Formal legal prejudice" sufficient to allow a non-settlement individual standing to appeal a settlement exists when a settlement (1) "purports to strip [a party] of a legal claim or cause of action, an action for indemnity or contribution for example," or (2) "invalidates the contract rights of one not participating in the settlement." *Waller*, 828 F.2d at 583. A tactical disadvantage is not legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *Waller*, 828 F.2d at 584.

The ORS and NRS objectors have not suffered "formal legal prejudice" such that they have standing to appeal the approval of the settlement agreements by the district court. The amended settlements do "not release any of the ORS or NRS

Subclasses' claims." The ORS and NRS objectors have not been stripped of a legal claim or cause of action by the amended settlements. *Waller*, 828 F.2d at 583. While the ORS and NRS objectors argue that the amended settlements and resulting dismissal of the named plaintiffs' claims against Defendants will weaken their arguments to avoid Defendants' statute of limitations defenses on the ground that their claims "relate back" to the claims released by the settlement class members, such a tactical disadvantage is not legal prejudice sufficient to create standing to appeal. *Smith*, 263 F.3d at 976; *Waller*, 828 F.2d at 584. Similarly, they contend that it will be difficult for them to accomplish service of process against some of Defendants if they are not allowed to take advantage of their existing presence in the district court action. That is not formal legal prejudice, either. The ORS and NRS objectors lack standing to appeal the district court's approval of the current settlement agreements.

Along with the ORS and NRS objectors, purported settlement class members appeal the district court's striking of their objections to the settlement agreements. This court reviews a district court's decision to strike an objection for abuse of discretion because issues of fact predominate. *See United States v. Mateo-Mendez*, 215 F.3d 1039, 1042 (9th Cir. 2000) ("The de novo standard applies when issues of law predominate in the district court's evidentiary analysis, and the abuse-of-

8

discretion standard applies when the inquiry is 'essentially factual.'"). The district court did not err in determining that the purported settlement class objectors neither complied with the required procedures nor satisfied the requirements for objections under Federal Rule of Civil Procedure 23(e)(5)(A). Fed. R. Civ. P. 23(e)(5)(A) (An "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection."). Having determined the objections were non-compliant, the district court was within its discretion to strike them.

As there are no other objections to the amended settlements, we affirm the amended settlements and remand to the district court for further proceedings, including but not limited to, implementation of the settlements.

## 2. Appeals Nos. 20-15697, 20-15704 and 20-16081

Our affirmance of the amended settlement agreements moots the pending appeals by the ORS and NRS appellants related to intervention in the district court. To determine if an appeal of the denial of intervention is moot, we ask if "any effectual relief whatever" is possible even "if we were to determine that the district court erred in denying [] intervention." *United States v. Sprint Commc'n Inc.*, 855 F.3d 985, 990 (9th Cir. 2017). The ORS and NRS members seek to intervene into the pending action against Defendants to strengthen their relation back arguments.

9

The approved amended settlements release Defendants from the suit at issue. There is no longer an action against Defendants into which the ORS and NRS appellants can intervene. We can grant no "effectual relief" to appellants even if we were to reach the merits of the appeals and determine the district court erred. *Id*. We dismiss the intervention appeals as moot.

Costs to be taxed against Appellants.

**AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**