NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott & Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust fbo Daniel C. Susott, & (2) Irrevocable Life Insurance Trust of John L. Susott & Kathryn C. Susott UAD 8/17/1988 as Restated,Non-Exempt Trust FBO Daniel C. Susott; JOHN L. SUSOTT, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> LAURYN GALINDO; DANIEL C. SUSOTT, <br><br> Defendants-Appellants. | No. 23-16216 <br><br> D.C. No. 1:20-cv-00270-LEK-RT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 11, 2025**
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2010, Defendant Daniel Susott ("Daniel") deeded an apartment in Hawaii to his close friend, Defendant Lauryn Galindo ("Galindo"). Subsequently, Plaintiffs Evan Auld-Susott and John Susott ("Plaintiffs") obtained substantial judgments in California state courts against Daniel.[1] In 2016, in an attempt to satisfy their judgments, Plaintiffs filed a diversity action against Galindo seeking to void the 2010 transfer of the apartment as a fraudulent conveyance pursuant to the Hawaii Uniform Fraudulent Transfer Act ("HUFTA"). In 2019, Plaintiffs obtained a ruling that voided the 2010 transfer as a fraudulent conveyance and the title to the property reverted to Daniel, making the property available to satisfy Plaintiffs' state court judgments.[2] Despite this ruling and within days of the judgment, Daniel again deeded the property to Galindo. As a result, Plaintiffs filed the instant diversity action against both Daniel and Galindo in 2020 seeking to void the 2019 transfer as a fraudulent conveyance.

Applying issue preclusion, the district court granted summary judgment to Plaintiffs and voided the 2019 transfer as a fraudulent conveyance. In 2023 we vacated and remanded for further proceedings, finding that Daniel was not bound

---

[1]     We refer to the parties who share the same last name by first name to avoid confusion. Also, Evan is a Plaintiff solely in his capacity as a trustee for two family trusts and John is a Plaintiff solely in his individual capacity.

[2]     We affirmed this ruling in 2021. *See Auld-Susott as Tr. for Irrevocable Life Ins. Tr. of John L. Susott v. Galindo*, 854 F. App'x 217 (9th Cir. 2021).

2

by the earlier ruling against Galindo. *Auld-Susott as Tr. for Irrevocable Life Ins. Tr. of John L. Susott v. Galindo*, 2023 WL 2929317, at *1 (9th Cir. Apr. 13, 2023). We noted, however, that Galindo was "bound by the findings made in connection with the 2019 judgment." *Id.* at *2. On remand, the district court dismissed Daniel and all the claims against him and granted summary judgment in Plaintiffs' favor. This appeal followed. Defendants challenge Daniel's dismissal and the grant of summary judgment in Plaintiffs' favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[3]

1. The district court did not abuse its discretion in dismissing Daniel. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (reviewing for abuse of discretion a Federal Rule of Civil Procedure 41(a)(2) dismissal). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.* (citations omitted). Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Daniel failed to show that his dismissal caused him legal prejudice. Daniel alleges that because of his dismissal, Galindo lost the apartment and now he is liable to her pursuant to an indemnification agreement between them. This, at best, is a threat of future litigation. But "the threat of future

---

[3]     Appellees' motion to supplement the record, Dkt. No. 20, is denied.

litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands*, 100 F.3d at 96. Additionally, Daniel argues that he also suffered plain legal prejudice because the dismissal cost him the opportunity to present facts showing that the 2019 transfer was not fraudulent. This argument, which is offered without identifying what additional facts Daniel would have presented, is similarly unavailing.

Likewise, the district court did not err in denying as moot Daniel's motion to intervene or, in the alternative, Galindo's motion for joinder, because the district court had disposed of all the claims in the case. Thus, there was no longer a live controversy to adjudicate. *See People of Vill. of Gambell v. Babbit*, 999 F.2d 403, 406 (9th Cir. 1993).

2. The district court did not err in finding that collateral estoppel barred Galindo from relitigating matters decided in the 2016 lawsuit, and that summary judgment in Plaintiffs' favor was therefore proper. *See Dorrance v. Lee*, 976 P.2d 904, 910 (Haw. 1999) (citations omitted) (listing the elements of collateral estoppel); *see also Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 (9th Cir. 2015) (reviewing de novo grants of summary judgment). The 2019 findings from the 2016 lawsuit have preclusive effect here, and the district court correctly held that Plaintiffs successfully established their prima facie case that the 2019 transfer was fraudulent pursuant to HUFTA. *See Schmidt v. HSC, Inc.*, 358

4

P.3d 727, 734 (Haw. Ct. App. 2015) (citations omitted); Haw. Rev. Stat. § 651C–4. Lastly, Galindo failed to raise a genuine issue of material fact as to her defense that she received the apartment in good faith or that she paid reasonable equivalent value for the apartment. *See* Haw. Rev. Stat. § 651C–8(a). Since she did not validly receive the apartment in good faith in 2010, she does not have any indemnification claims against Daniel based on the earlier litigation. As a result, the indemnification agreement between Daniel and Galindo does not provide any value as consideration for the 2019 transfer. Thus, viewing the evidence in the light most favorable to Galindo, the district court did not err in finding that Daniel made the 2019 transfer with actual intent to defraud Plaintiffs.[4]

Defendants also argue that there is a genuine dispute of material fact as to whether Plaintiffs continue to be Daniel's creditors, while asserting that they themselves are entitled to summary judgment because Plaintiffs are not Daniel's creditors. This argument is foreclosed by our 2021 decision in this case, which interpreted the settlement agreement at issue. *See Auld-Susott*, 854 F. App'x at

---

[4]     To the extent Defendants did not waive their claim that the district court erred in denying their motion for summary judgment as moot, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), the claim fails. The district court clearly stated that in granting the Plaintiffs' motion, it had considered Defendants' motion, and all the materials submitted in their support. *Cf. Fair Hous. Council of Riverside Cnty. v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001) (reversing and remanding a denial of a summary judgment motion as moot because we could not determine from the record whether the district court had considered the appellants' evidence submitted in support of their motion).

218.

3.  Finally, we reject Defendants' claim that Judge Kobayashi exhibited judicial bias.  Since actual bias is a subjective inquiry done by the judge, it "is not one that the law can easily superintend or review."  *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009).  Given the difficulty in reviewing for actual bias, the "Due Process Clause has been implemented by objective standards that do not require proof of actual bias."  *Id.* (citations omitted).  Rather, the question is "whether the average judge in her position was likely to be neutral or whether there existed an unconstitutional potential for bias."  *Hurles v. Ryan*, 752 F.3d 768, 788 (9th Cir. 2014) (citing *Caperton*, 566 U.S. at 881).  We did not find any indicia of bias.

Defendants do not argue that Judge Kobayashi was biased due to an extrajudicial source, but instead argue that she showed bias in certain actions she took and comments she made during the litigation.  But these actions and comments are insufficient to prove judicial bias.  *See Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (citations omitted) (noting that "[i]n the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks" suffice to prove bias, "even if those remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their case.'").

6

**AFFIRMED.**[5]

---

[5]     Although Defendants state in passing that they are also appealing the district court's order denying their motion to alter or amend the judgment and the grant of Plaintiffs' prejudgment motion, they fail to articulate these arguments in their opening brief. Thus, they are deemed waived. *See Padgett*, 587 F.3d at 985 n.2. Lastly, since Daniel was properly dismissed, the district court did not abuse its discretion in denying Defendants' motion for reconsideration of Daniel's dismissal.