**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD ZANOWICK, an individual; JOAN CLARK-ZANOWICK, an individual, *Plaintiffs-Appellees*, <br><br> v. <br><br> BAXTER HEALTHCARE CORPORATION, sued individually and as successor-in-interest to American Hospital Supply Corporation and American Scientific Products Erroneously Sued As Baxter International, Inc., *Defendant-Appellant*. | No. 15-56034 <br><br> D.C. No. 2:14-cv-06519-WGY-PLA |
| RICHARD ZANOWICK, an individual; JOAN CLARK-ZANOWICK, an individual, *Plaintiffs-Appellees*, <br><br> v. <br><br> FISHER SCIENTIFIC COMPANY, LLC, Erroneously Sued As Thermo Fisher Scientific, | No. 15-56047 <br><br> D.C. No. 2:14-cv-06519-WGY-PLA <br><br> OPINION |

Inc., sued individually and
Successor by merger to Fisher
Scientific International, Inc.,
      *Defendant-Appellant*.

Appeal from the United States District Court
for the Central District of California
William G. Young,* District Judge, Presiding

Submitted February 13, 2017**
Pasadena, California

Filed March 9, 2017

Before:  Milan D. Smith, Jr. and John B. Owens, Circuit
Judges, and Edward R. Korman,*** District Judge.

Opinion by Judge Owens

---

* The Honorable William G. Young, United States District Judge for the District of Massachusetts, was assigned to this case for all pretrial proceedings.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[****]

### Fed. R. Civ. P. 25

The panel affirmed the district court's order granting plaintiffs' motion to voluntarily dismiss their action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

On October 12, 2014, plaintiff Richard Zanowick died, and plaintiffs failed to file a timely motion to substitute a new party as required by the 90-day deadline in Fed. R. Civ. P. 25(a)(1). Plaintiff Joan Clark-Zanowick moved to dismiss the action voluntarily without prejudice, or alternatively, to substitute a new party or extend the Rule 25(a)(1) deadline. Defendants contended that Rule 25(a)(1) required dismissal with prejudice.

The panel held that Rule 25(a)(1) permitted the district court to allow a late substitution if requested, and did not require the district court to dismiss the federal action with prejudice. The panel also held that the district court did not abuse its discretion in granting the Rule 41(a)(2) motion for dismissal without prejudice.

---

[****] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Steven J. Thompson and Ethan E. Trull, Nixon Peabody LLP, Chicago, Illinois; Ronald F. Lopez, Nixon Peabody LLP, San Francisco, California, for Defendant-Appellant Baxter Healthcare Corporation.

Michael J. Pietrykowski, Gordon Rees Scully Mansukhani LLP, Oakland, California; John T. Williams, Jason H. Nash, and Joanne Moon, Hinkhouse Williams Walsh LLP, Chicago, Illinois for Defendant-Appellant Fisher Scientific Company L.L.C.

Benno Ashrafi, Tyler Stock, and Josiah Parker, Weitz & Luxenberg, P.C., Los Angeles, California, for Plaintiffs-Appellees.

## OPINION

OWENS, Circuit Judge:

Defendants-Appellants Baxter Healthcare Corporation and Fisher Scientific Company, LLC (collectively, defendants) appeal from the district court's order granting Plaintiffs-Appellees Richard Zanowick and Joan Clark-Zanowick's (collectively, Zanowick or plaintiffs) motion to voluntarily dismiss their action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants argue that the district court should have dismissed the action with prejudice due to Federal Rule of Civil Procedure 25(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. Factual Background and Procedural History

In July 2014, Richard Zanowick sued defendants in state court, and alleged that their products exposed him to asbestos, leading to terminal mesothelioma. Mrs. Joan Clark-Zanowick also sued for loss of consortium. In August 2014, defendants removed the case to federal court on diversity grounds.

On October 12, 2014, Mr. Zanowick died. On November 17, 2014, plaintiffs filed and electronically served a notice of Mr. Zanowick's death. Federal Rule of Civil Procedure 25(a)(1) then required plaintiffs to file, by February 19, 2015, a motion to substitute a new party for Mr. Zanowick. Plaintiffs failed to do so.

In the meantime, on February 13, 2015, Mrs. Zanowick and her children filed a new lawsuit in state court. This second action alleged the same claims (except for her loss of consortium claim) against the same defendants, plus additional defendants that arguably preclude diversity jurisdiction.[1] In April 2015, defendants filed a motion to dismiss the federal case with prejudice for noncompliance with Rule 25(a)(1)'s 90-day substitution requirement.

On May 1, 2015, a few months after the Rule 25(a)(1) deadline had expired, Zanowick moved to dismiss the federal action voluntarily without prejudice under Rule 41(a)(2), or in the alternative, to substitute a new party or extend the Rule

---

[1] Defendants contend that these new defendants are merely shams designed to defeat diversity, and they intend to remove the action to federal court pending jurisdictional discovery. We express no opinion on whether diversity jurisdiction exists in this new lawsuit.

25(a)(1) deadline. At the June 2015 hearing, the district court made its views clear. Referring to defendants' Rule 25(a)(1) motion to dismiss, the court stated: "if ever there were motions that were more the exultation of form over substance, I don't think I've ever seen them." Because Rule 25 was not jurisdictional, the court reasoned that it could allow the substitution of a party despite non-compliance with the 90-day rule. After confirming that Zanowick preferred dismissal without prejudice even if late substitution were permitted, the district court granted Zanowick's Rule 41(a)(2) motion to dismiss without prejudice. The district court concluded: "I'm going to allow this case voluntarily to be dismissed and so it's dismissed without prejudice and we'll see where ultimately it lands. . . . I don't mean anything I said critically but cases should be addressed on their merits and this is the best way to address it on the merits." This appeal followed.

## II. Discussion

### A. Standard of Review

We review for an abuse of discretion a district court's decision to grant a motion to voluntarily dismiss an action under Rule 41(a)(2). *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "The district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *Id*. (internal quotation marks and citation omitted).

"The proper interpretation of Rule 25(a) is a question of law that we review de novo." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "Factual findings relevant to the application of Rule 25(a) are reviewed for clear error." *Id*.

**B.  Rules 41(a)(2) and 25(a)(1)**

Rule 41(a)(2) "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist.*, 100 F.3d at 96.  And "[w]hen ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id*.  "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id*. at 97.

To establish prejudice, defendants posit the following: Rule 25(a)(1) required the district court to dismiss the action with prejudice, as Zanowick failed to comply with its 90-day substitution requirement.  Armed with that ruling, defendants could then assert res judicata in the new state court proceeding and take out that case.  But because the court failed to dismiss the federal case with prejudice, defendants lacked their res judicata weapon in state court.  Hence, they suffered prejudice.[2]

While constructing an excellent issue spotting question for an advanced civil procedure exam, defendants overlook the purpose of and history behind Rule 25(a)(1).  Rule 25(a)(1) provides:

---

[2]  Defendants also argue that the loss of a federal forum prejudiced them, as they are now focusing on a second action in state court.  However, "while a change from federal to state court might create a tactical disadvantage to [defendants], that [is] not legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent **must be dismissed**.*

Fed. R. Civ. P. 25(a)(1) (emphasis added). This 90-day deadline may be extended by Rule 6(b), including after its expiration if the party failed to act due to "excusable neglect." Fed. R. Civ. P. 6(b). Rule 6(b) "works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution." *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988).

Rule 25(a)(1) uses the phrase "must be dismissed," but does not specify whether the dismissal "must" be *with prejudice*. Defendants insist that "must be dismissed" always means with prejudice, so the district court abused its discretion in permitting Zanowick to dodge the Rule 25 bullet through voluntary dismissal. Unfortunately for defendants, the "history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); *see also United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974) (stating that under Rule 25, a "discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the

action"); 7C Charles Alan Wright et al., Federal Practice and Procedure § 1955 (3d ed. 2017) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.").

In 1963, both Rule 6(b) and Rule 25(a)(1) were amended to give district courts discretion to enlarge the period of time to substitute a deceased party. *See* Fed. R. Civ. P. 6 advisory committee's note to 1963 amendment; Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment. Prior to these amendments, "Rule 25(a)(1), together with . . . Rule 6(b), result[ed] in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death." Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment. These rules were amended because otherwise this "unyielding requirement" led to "hardships and inequities." *Id.*; *see also Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966) ("The amendments of Rules 6(b) and 25(a)(1) provided needed flexibility. It was assumed that discretionary extensions would be liberally granted.").

The intersection between Rules 6(b) and 25(a) usually plays out in one of two ways. First, a party misses the 90-day deadline, and seeks leave to file a late substitution. Rule 6(b) governs these requests.[3]   Second, a party cannot make a proper substitution in 90 days. When this occurs, district

---

[3]  *See, e.g.*, *Gravelle v. Kiander*, No. C13-1911JLR, 2016 WL 194741, at *2–5 (W.D. Wash. Jan. 15, 2016); *Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-CV-00461-LRH-WGC, 2013 WL 4523488, at *10-11 (D. Nev. Aug. 26, 2013); *Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 593861, at *2–3 (D. Ariz. Feb. 11, 2013); *Foster ex rel. Foster v. Nat'l R.R. Passenger Corp.*, No. 2:07-CV-01493-MCE-KJM, 2008 WL 3863695, at *1–2 (E.D. Cal. Aug. 19, 2008).

courts exercise their discretion and decide whether to dismiss the case with or without prejudice.[4]  If without prejudice, a substitute may be located and the lawsuit re-filed.  As one district court explained:

> In case there is any doubt, the court is no longer required to dismiss with prejudice under Rule 25(a).  The original Rule 25(a) functioned as a statute of limitations. *Anderson v. Yungku*, 329 U.S. 482, 485 (1947).  As such, Rule 25(a) dismissals were with prejudice because "the normal policy of a statute of limitation is to close the door – finally, not qualifiedly or conditionally."  *Id.* at 486.  However, the 1963 amendments that provide the current Rule 25(a) were meant to liberalize substitution after death.  7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1955 (3d ed. 2007).  Therefore, the court is no longer required to dismiss with prejudice under Rule 25(a).

*Sydow v. Weyerhaeuser Co.*, No. 14-CV-219-WMC, 2015 WL 6962698, at *1 n.2 (W.D. Wis. Nov. 10, 2015).

This appeal features both branches of the Rules 6(b) and 25(a)(1) tree – the district court made clear that it would have granted more time to substitute a new party, but Zanowick

---

[4] *See, e.g.*, *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008); *Gutierrez v. Gunderson*, No. 04-2627 (JRT/JSM), 2008 WL 170009, at *2 (D. Minn. Jan. 16, 2008).

preferred to dismiss the case without prejudice in lieu of the state court lawsuit. In its discretion, the district court granted Zanowick's request.

Defendants are correct that district courts have dismissed cases *with prejudice* for failure to comply with Rule 25.[5] Yet defendants cannot deny that district courts have dismissed cases *without prejudice* for the same Rule 25 deadline failure.[6] Indeed, defendants – each having filed its own set of briefs – cannot cite a single court, a treatise, or even a fortune cookie message that supports the "Game Over, Man!"[7]

---

[5] *See, e.g.*, *Fair v. I.R.S.*, No. 3:12-CV-1714-AC, 2014 WL 458568, at *1 (D. Or. Feb. 4, 2014); *McCree v. Cal. Dep't of Conservation*, No. 12-CV-04127-JST, 2013 WL 5946962, at *4 (N.D. Cal. Nov. 5, 2013); *Anderson v. Valspar Corp.*, 2:10-CV-03182-GEB-EFB, 2013 WL 552001, at *20 (E.D. Cal. Feb. 12, 2013); *Branch v. Piazza*, No. 05-CV-6187-CJS, 2012 WL 1790412, at *2 (W.D.N.Y. May 16, 2012); *Magee v. Hous. Auth. of South Bend*, No. 3:09-CV-337-TS, 2010 WL 2950449, at *2 (N.D. Ind. July 21, 2010); *Scott v. Vasquez*, No. CV 02-05296 GAF (AJW), 2009 WL 4907031, at *8 (C.D. Cal. Dec. 11, 2009); *Strope v. Astrue*, No. 08-CV-6136L, 2009 WL 1924935, at *1 (W.D.N.Y. July 1, 2009).

[6] *See, e.g.*, *United States ex. rel. Lewis v. Bullitt Cty. Pub. Sch.*, No. 3:09-CV-00927, 2012 WL 1999261, at *1 (W.D. Ky. June 4, 2012); *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027(JFB)(ARL), 2009 WL 234654, at *1 n.1 (E.D.N.Y. Jan. 30, 2009); *Rohlman v. Florida*, No. 3:08CV182/MCR/MD, 2009 WL 36456, at *1 (N.D. Fla. Jan. 5, 2009); *Gruenberg*, 2008 WL 2001253, at *2; *Gutierrez*, 2008 WL 170009, at *2; *Steward v. City of New York*, No. 04-CV-1508(CBA)(RML), 2007 WL 2693667, at *1 (E.D.N.Y. Sept. 10, 2007).

[7] *Cf.* Aliens (20th Century Fox 1986) (statement by Private Hudson).

reading of Rule 25 that they urge us to adopt.**[8]**  The rule, its history, and the courts applying it for more than 50 years make clear that dismissal with prejudice under these circumstances is not mandatory – either a dismissal without prejudice or an extension of the 90-day deadline are discretionary options for the district court.

Rule 25(a)(1) permitted the district court to allow a late substitution if requested, and it did not require the district court to dismiss the federal action with prejudice.**[9]**  Based on the record before it, both decisions were well within the

---

**[8]**  Defendants' argument that Rule 25(a)(1) requires dismissal with prejudice because it is akin to a Rule 41(b) involuntary dismissal is not well-taken.  For one thing, contrary to defendants' contention, Rule 41(b) does not preclude a district court's discretion to dismiss without prejudice. *See* Fed. R. Civ. P. 41(b) (stating that a dismissal under this subdivision "operates as an adjudication on the merits" "*[u]nless the dismissal order states otherwise*" (emphasis added)); *see also* 9 Charles Alan Wright et al., Federal Practice and Procedure § 2373 (3d ed. 2017) ("Rule 41(b) expressly provides that the district court may specify that a dismissal is without prejudice."); *cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) ("Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal[.]").

**[9]**  Defendants' argument that the district court's failure to explicitly rule on their motion to dismiss with prejudice under Rule 25(a)(1) in and of itself constituted an abuse of discretion is unavailing.  The court effectively denied defendants' motion by granting Zanowick's motion to dismiss without prejudice under Rule 41(a)(2).  Moreover, it made clear that it would have extended the time to allow for substitution and that it was not going to grant defendants' request to dismiss with prejudice. Defendants' argument that the district court abused its discretion by allowing Zanowick's "procedural gamesmanship" to avoid dismissal with prejudice under Rule 25(a)(1) is also unavailing.

district court's ambit.[10]  And for the same reasons, the district court did not abuse its discretion in granting the Rule 41(a)(2) motion for dismissal without prejudice.[11]

## III.     Conclusion

For the above reasons, we reject defendants' contentions that Rule 25(a)(1) required dismissal with prejudice, and we affirm the district court's order dismissing this action without prejudice under Rule 41(a)(2).

**AFFIRMED**.

---

[10]   Although the district court did not explicitly address whether Zanowick had shown "excusable neglect" for an extension under Rule 6(b)(1)(B), our review of the record satisfies us that the district court would not have abused its discretion in allowing a late substitution.  *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 & n.3 (9th Cir. 2000) (discussing factors to determine whether neglect is excusable and conducting equitable analysis where district court failed to because "it would be inefficient to remand the issue").  In any case, whether Rule 6(b) allowed an extension ultimately matters little.  What does matter is that Rule 25(a)(1) is not the Thulsa Doom that defendants wish it to be.  *See* Conan the Barbarian (Universal Pictures 1982).

[11]   Defendants argue that Mrs. Zanowick lacked standing to voluntarily dismiss Mr. Zanowick's claims because she did not file a successor-in-interest declaration under California Code of Civil Procedure section 337.32.  However, defendants waived this issue by failing to raise it in the district court.  *See City of Los Angeles v. Cty. of Kern*, 581 F.3d 841, 845 (9th Cir. 2009) (stating that unlike Article III standing, prudential standing can be waived if not raised in the district court).