

APR 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTA ROSA MEMORIAL HOSPITAL, a California corporation; ST. HELENA HOSPITAL, a California corporation; QUEEN OF THE VALLEY MEDICAL CENTER, a California corporation; CENTRAL VALLEY GENERAL HOSPITAL, a California corporation; SAN JOAQUIN COMMUNITY HOSPITAL, a California corporation; SAN ANTONIO COMMUNITY HOSPITAL, a California corporation; CHILDREN'S HOSPITAL AT MISSION, a California corporation, dba as CHOC at Mission; SADDLEBACK MEMORIAL MEDICAL CENTER, a California corporation; ORANGE COAST MEMORIAL MEDICAL CENTER, a California corporation; ANAHEIM MEMORIAL MEDICAL CENTER, a California corporation; HOAG MEMORIAL HOSP., a California corporation; HEART HOSPITAL OF BK, LLC, a North Carolina limited liability company, dba Bakersfield Heart Hospital; JOHN MUIR HEALTH, a California corporation, dba John Muir Medical Center-Concord Campus and as John Muir Medical Center-Walnut Creek Campus; | No. 15-16650<br><br>D.C. No. 3:08-cv-05173-SC<br><br>MEMORANDUM* |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SRM ALLIANCE HOSPITAL SERVICES, a California corporation dba Petuluma Valley Hospital; LANCASTER HOSPITAL CORPORATION, a California corporation, dba Lancaster Community Hospital; FOUNTAIN VALLEY REGIONAL HOSPITAL AND MEDICAL CENTER, a California corporation; MISSION HOSPITAL REGIONAL MEDICAL CENTER, a California corporation, dba Mission Hospital,

Plaintiffs-Appellees,

v.

JENNIFER KENT, Director of the California Department of Health Care Services,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Submitted April 21, 2017[**]
San Francisco, California

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON,*** District Judge.

The California Department of Health Care Services ("Department") appeals the district court's dismissal of the action below without prejudice and without an award of costs and fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not abuse its discretion by dismissing the action below without prejudice. "A district court should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citing *Waller v. Fin Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). Plain legal prejudice does not result merely because a dispute remains unresolved, there is a threat of future litigation, the defendant will be inconvenienced by having to defend in another forum, or the plaintiff would gain a tactical advantage by that

*** The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

dismissal. *Id.* (citations omitted). Our analysis instead "focus[es] on the rights and defenses available to a defendant in future litigation." *Westlands*, 100 F.3d at 97.

An unresolved dispute of the kind here or in *Zanowick v. Baxter Healthcare Corporation*, 2017 WL 929203 (9th Cir. 2017), does not constitute prejudice. The Department argues that it lost the ability to litigate the federal issues in federal court, the claims are continuing in state court, and summary judgment motions were before the court. However, this does not constitute plain legal prejudice, especially when the only procedural protection the Department claims it would lose in state court is the ability to assert the defense of res judicata. *See Zanowick*, 2017 WL 929203, at *2 n.2, 4 (noting that "while a change from federal to state court might create a tactical disadvantage to [defendants], that [is] not legal prejudice" and finding no abuse of discretion when a decision either dismissing with or without prejudice was well within the court's ambit) (quoting *Smith*, 263 F.3d at 976).

Contrary to the Department's arguments that *Santa Rosa Mem'l Hosp. v. Douglas*, 552 F. App'x 637 (9th Cir. 2014), or *Exceptional Child Care Center, Inc. v. Armstrong*, __ U.S. __, 135 S.Ct. 1378, 1385 (2015), left the district court no discretion to dismiss without prejudice, dismissing either with or without prejudice was well within the court's ambit. *See, e.g.*, *Milgard Tempering, Inc. v. Selas*

*Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (noting "that dicta have no preclusive effect") (internal citation omitted); *see also WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011) ("District courts have broad discretion in deciding . . . whether to dismiss actions with or without prejudice.").

Because the district court's assessment of legal prejudice and its grant of the motion for voluntary dismissal were not based on an erroneous view of the law or a clearly erroneous assessment of the facts, the court did not abuse its discretion.

II

The district court did not abuse its discretion when it declined to award costs and attorney's fees to the Department. Although costs and attorney's fees are often imposed on a plaintiff who is granted a voluntary dismissal, a district court does not automatically abuse its discretion by refusing to award such costs and fees. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "In determining whether to award costs . . . to [a] defendant[] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss."

*Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. April 28, 2005) (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[10][d][I] (3d ed. 1999)). The merits of the plaintiff's case are also relevant. *Id.*; *see Stevedoring*, 889 F.2d at 922.

The Department has incurred duplicative expenses, and summary judgment motions were before the court. However, the district court did not abuse its discretion in refusing to order the payment of the Department's costs and fees as a condition precedent to the Plaintiffs' voluntary dismissal without prejudice. The district court's decision is justified by its consideration of the legitimate factor of the merit of the Plaintiffs' claims. *See Stevedoring*, 889 F.2d at 922 (finding that the plaintiff raised a substantial legal question that, upon adverse determination, was dispositive of the action sufficient to support a decision to dismiss without prejudice without payment of attorney's fees); *see also Cerciello v. Blackburn Truck Lines Holding Co. Inc.*, 917 F.2d 27, at *2 (9th Cir. 1990) (unpublished) (citing *Stevedoring*, 889 F.2d at 920–22).

**AFFIRMED.**[1]

---

[1]The Plaintiffs' motions for judicial notice are **GRANTED**.