**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION,

------------------------------

 DONALD WORTMAN, individually and on behalf of all others similarly situated,

Plaintiff-Appellee,

v.

AMY YANG,

Objector-Appellant,

v.

SOCIETE AIR FRANCE; MALAYSIAN AIRLINE SYSTEM BERHAD; SINGAPORE AIRLINES LIMITED; VIETNAM AIRLINES COMPANY LIMITED; JAPAN AIRLINES COMPANY, LTD.,

Defendants-Appellees.

No.   15-16280

D.C. Nos.   3:07-cv-05634-CRB
            3:08-md-01913-CRB

MEMORANDUM*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,[**] District Judge.

Appellant Amy Yang ("Yang") appeals the grant of Donald Wortman's motion for final approval of eight class action settlement agreements with Defendants-Appellees. We review for abuse of discretion. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011). We affirm.

1. The district court properly certified the settlement class and was not obligated to create subclasses for purchasers of U.S.-originating travel and direct purchasers of airfare. Federal Rule of Civil Procedure 23(a) does not require a district court to weigh the prospective value of each class member's claims or conduct a claim-by-claim review when certifying a settlement class. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012) (reasoning that it would be "onerous" and "impossible" to attribute a specific monetary value to each of the class members' asserted claims).

---

[**] The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

Yang argues that purchasers of foreign-originating travel and indirect purchasers of airfare should not be entitled to an equal *pro rata* share of the settlement funds, in light of *Illinois Brick* and the Foreign Trade Antitrust Improvements Act. *See* 15 U.S.C. § 6a (barring claims arising out of foreign injury); *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728–29 (1977) (providing that only customers who purchase directly from defendants may recover under federal antitrust law). But, at the time of settlement, Defendants-Appellees had not raised these affirmative defenses, and the district court had not ruled on them. Subclasses may not be created "on the basis of speculative" conflicts of interests. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) (internal citation and quotation marks omitted); *see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 305 (3d Cir. 2011) (establishing that "a district court has limited authority to examine the merits when conducting the [class] certification inquiry").

2. The settlements provided sufficient notice to class members under Rule 23. *See* Fed. R. Civ. P. 23(c)(2)(B), 23(e)(1), & 23(e)(5). Potential class members were notified of the opportunity to opt out or object to the settlements no later than thirty-five days before the fairness hearing. While the class membership period has remained open for the duration of this appeal, "the class as a whole" was given sufficient notice to "flush out whatever objections might reasonably be raised to

3

the settlement[s]." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Indeed, Defendants-Appellees implemented a comprehensive notice program that has reached approximately eighty-percent of potential class members in the United States, and at least seventy-percent in Japan.

**AFFIRMED.**

***Wortman v. Yang*, Case No. 15-16280**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. In my view, the district court abused its discretion when it certified a settlement class containing members with divergent interests.

Rule 23 of the Federal Rules of Civil Procedure provides in pertinent part:

> One or more members of a class may sue or be sued as representative parties on behalf of all members *only if . . . the representative parties will fairly and adequately protect the interests of the class*.

Fed. R. Civ. P. 23(a)(4) (emphasis added).

The settlement class certified by the district court ignored the requirements of Rule 23 by lumping together class members with fundamentally different interests. The Japan Airlines Company, Ltd. (JAL) settlement lumps together purchasers of domestic travel and purchasers of foreign travel for the same *pro rata* distribution of settlement proceeds, despite the fact that the Foreign Trade Antitrust Improvements Act (FTAIA) precludes federal courts from exercising jurisdiction over claims of overcharges associated with foreign travel. *See* 15 U.S.C. 6a (providing that the prohibitions against monopolies and restraint of trade do not apply to "trade or commerce . . . with foreign nations"). With such an apparent conflict within the class, it is virtually impossible for the class representatives to adequately represent a class that includes members who may be

1

entitled to absolutely no recovery. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) ("[T]he adversity among subgroups requires that the members of each subgroup *cannot be bound to a settlement* except by consents given by those who understand that their role is to represent solely the members of their respective subgroups.") (citation omitted) (emphasis added); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999) ("[I]t is obvious after *Amchem* that a [divided] class requires . . . homogenous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. *See Amchem*, 521 U.S. at 627, 117 S. Ct. 2231 (class settlements must provide 'structural assurance of fair and adequate representation for the diverse groups and individuals affected. . . .'") (citations omitted).

In a similar vein, the settlement agreement lumped together passengers who purchased tickets directly from the airlines and passengers who purchased tickets through an intermediary, such as a travel agent or ticket broker. We have explicitly recognized that the "indirect purchaser rule" articulated by the United States Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746-47 (1977) "bars suits for antitrust damages by customers who do not buy directly from a defendant." *Somers v. Apple, Inc.*, 729 F.3d 953, 961 (9th Cir. 2013). And we have defined "indirect purchasers of airline tickets" as individuals who "did not

2

purchase tickets directly from [the airlines] but instead bought them from direct purchasers such as travel agents and consolidators." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, 642 F.3d 685, 689 (9th Cir. 2011).  Yet again, these disparate claims prevent adequate representation of the class.  *See Amchem Prods.*, 521 U.S. at 627; *see also Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (concluding that representation of class was inadequate and conflicting when "one group within a larger class possesse[d] a claim that is neither typical of the rest of the class nor shared by the class representative") (citing *Amchem*, 521 U.S. at 625-27).

In sum, the district court abused its discretion by lumping together disparate claimants, failing to comply with Rule 23 and our governing precedent.  *See Zonowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (noting that the district court abuses its discretion when it commits an error of law). Unfortunately, the district court took the easy way out rather than sorting through the various claims and claimants.  *See Ortiz*, 527 U.S. at 856 (requiring "division into homogenous subclasses" when there are conflicting claims within the class).

Rather than affirming, I would reverse and remand for the district court to create the necessary subgroups to ensure adequate representation of all claimants. *See Amchem*, 521 U.S. at 627.

Because I would reverse on the class certification issue, I would not address the notice issue. However, as my colleagues in the majority have included that issue in their discussion, I simply note that it is patently unreasonable to end the notice period before all prospective class members are identified, thereby completely depriving those class members of any notice. *See* Fed. R. Civ. P. 23(c)(2)(B), (e)(1) (requiring reasonable notice to prospective class members).

I respectfully dissent.